IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CAUSE NO. 2014-01190

| | | |
|---|---|---|
| APACHE CORPORATION | § § § | |
| V. | § § | CIVIL ACTION NO._____ |
| GREAT AMERICAN INSURANCE COMPANY | § § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, Defendant Great American Insurance Company ("GAIC") files this Notice of Removal, and in support thereof would respectfully show as follows.

1. Plaintiff Apache Corporation ("Apache") has brought a civil action against GAIC in the 165th Judicial District Court of Harris County, Texas, captioned as Cause Number 2014-01190, *Apache Corporation v. Great American Insurance Company* (the "state action"). True and correct copies of all process, pleadings and orders served on GAIC in the state action are attached hereto as Exhibit "A" with an index of same.

2. Plaintiff served GAIC with its Original Petition in the state action (the "Petition") on January 14, 2014. (*See* Exhibit "A": Proof of Service). Thus, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

3. Removal is proper as there is complete diversity between the proper parties to this lawsuit and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees. 28 U.S.C. §1332(a).

4. Apache is a citizen of Delaware and Texas. Specifically, Apache is a Delaware corporation with its principal place of business in Houston, Texas. (*See* Petition, ¶ 3.) GAIC is a citizen of Ohio. Specifically, GAIC is incorporated under the laws of Ohio and maintains its principal place of business in Cincinnati, Ohio. *Id.*; (*see also* Aff. of Thomas E. Maloney, attached as Exhibit B.) Apache and GAIC are the only parties to the suit. Thus, there is complete diversity of citizenship between the parties.

5. The facts alleged in Plaintiff's Petition demonstrate by a preponderance of the evidence that Plaintiff's claim exceeds $75,000. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 676 (5th Cir. 2003); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The Fifth Circuit has held that where, as here, a case is one that has been removed from state court, the removing party may establish the amount in controversy in either of two ways: "(1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in the controversy, preferably in the removal petition . . . that support a finding of the requisite amount." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (internal quotations omitted).

6. In the Petition, Plaintiff seeks coverage under Great American Insurance Company Crime Protection Policy No. SAA 2687737 (the "Crime Protection Policy") alleging that it sustained a loss within the parameters of Insuring Agreement B.5 of said policy. (*See* Petition, ¶¶ 7-17) Specifically, Plaintiff alleges that it received a telephone call from an individual claiming to be an employee of Petrofac Facilities Management Limited ("Petrofac"), a vendor doing considerable work for Apache. This purported Petrofac employee contended that Petrofac needed to change its banking information for the payment of its invoices. (*See* Petition,

¶ 9.) After receiving an email that appeared to be a legitimate Petrofac email containing what appeared to be the proper documentation, Apache proceeded to verbally confirm the information submitted. Thereafter, a change request was put through the vendor change request SharePoint site by Apache and was approved by the Apache North Sea Financial Accounting Manager. Apache subsequently processed Petrofac invoices and remitted payment to an account at Co-Operative Bank. (*See* Petition, ¶¶ 10, 11, 12, 13)  On May 3, 2013, Apache discovered that the requested change in banking information was fraudulent when representatives from Petrofac informed Apache by telephone that they had not been paid for a number of outstanding invoices. (*See* Petition, ¶ 14.)  In total, Apache paid approximately $7 million over the course of a month to the account at Co-Operative Bank. (*See* Petition, ¶ 15.) Apache was able to recoup some of the funds. *Id.*  However, there has been no success in finding the funds that were wired out from the Co-Operative Bank. *Id.*  Apache alleges that as a result of the foregoing, it suffered a loss of roughly $2.4 million.  (*See* Petition, ¶ 17.)  Thus, Plaintiff seeks insurance coverage well in excess of the $75,000 jurisdictional limit.  Although Defendant denies that Plaintiff is entitled to coverage for its alleged loss under the Crime Protection Policy, it is apparent from the face of Plaintiff's Petition and the facts in controversy that Apache's claim exceeds $75,000 by the time this matter proceeds to trial.

7.   For the reasons set forth above, this matter may properly be removed to this Court by GAIC based upon diversity jurisdiction.

8.   GAIC has given notice of this Removal to Plaintiff and to the 165th Judicial District Court of Harris County, Texas.

9. WHEREFORE, Great American Insurance Company prays that this action be removed to the United States District Court for the Southern District of Texas, Houston Division, from the 165th Judicial District Court of Harris County, Texas.

Respectfully submitted,

By: /s/ Martin S. Schexnayder
    Martin S. Schexnayder
    State Bar No. 17745610
    Federal Bar No. 15146
    Attorney-In-Charge
    Two Riverway, Suite 725
    Houston, Texas 77056
    Telephone: (713) 343-9200
    Facsimile: (713) 343-9201

**ATTORNEYS FOR DEFENDANT GREAT AMERICAN INSURANCE COMPANY**

**OF COUNSEL:**

**Winget, Spadafora & Schwartzberg, LLP**
Two Riverway, Suite 725
Houston, Texas 77056
Telephone: 713-343-9200
Facsimile: 713-343-9201

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been delivered to all counsel of record via certified mail, return receipt requested, and/or hand delivery, and/or facsimile, on this the 2d day of February, 2014.

/s/ Martin S. Schexnayder
Martin S. Schexnayder