IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CAUSE NO. 2014-01190

| | | |
|---|---|---|
| APACHE CORPORATION | § § | |
| V. | § § | CIVIL ACTION NO._____ |
| GREAT AMERICAN INSURANCE COMPANY | § § § | |

## INDEX OF MATTERS BEING FILED

1. Notice of Removal
2. Court's Record in Cause No. 2014-01190; *Apache Corporation v. Great American Insurance* Company; 165th Judicial District Court of Harris County, Texas/
   - Original Petition
   - Case Information Sheet
   - Civil Process Request
   - Civil Case Information Sheet
   - Docket Sheet
3. List of All Counsel of Record
4. Proof of Service



1461498.1(Atwall)

## LIST OF COUNSEL OF RECORD

**Counsel for Plaintiff Apache Corporation**
Patrick W. Mizell
State Bar No. 14233980
Deborah Milner
State Bar No. 24065761
Vinson & Elkins, LLP
1001 Fannin St., Suite 2300
Houston, TX 77002
Telephone: 713-758-2932
Facsimile: 713-615-5912

Nancy R. Kornegay
State Bar No. 24032641
Brown & Kornegay LLP
2777 Allen Parkway, Suite 977
Houston, TX 77019
Telephone: 713-528-3700
Facsimile: 713-528-3701

**Counsel for Defendant Great American Insurance Company Products, Inc.**
Martin S. Schexnayder
Texas Bar No. 17745610
Southern District of Texas Bar No. 15146
Winget, Spadafora & Schwartzberg, LLP
Two Riverway, Suite 725
Houston, TX 77056
Telephone: 713-343-9200
Facsimile: 713-343-9201
Schexnayder.M@wsllp.com

1461502.1

# Marty Schexnayder

| | |
|---|---|
| **From:** | Marty Schexnayder |
| **Sent:** | Tuesday, January 14, 2014 9:15 AM |
| **To:** | 'pmizell@velaw.com' |
| **Subject:** | Apache v. Great American; 2014-01190 |

Pat:

This will confirm that the undersigned has been retained to represent Great American Insurance Company (GAIC) in this matter and that I am authorized to accept service on behalf of GAIC. We can agree that service is effective today.

I look forward to working with you on this matter.

Regards,

Martin S. Schexnayder
Winget, Spadafora & Schwartzberg, LLP
2 Riverway, Suite 725
Houston, TX  77056
(713) 343-9210 (o)
(713) 907-9393 (m)
schexnayder.m@wsllp.com



www.WSSLLP.com
NY - CT - NJ - FL - CA- TX

1/15/2014 2:58:13 PM
Chris Daniel - District Clerk Harris County
Envelope No. 219408
By: PAM ROBICHEAUX

1/10/2014 4:25:08 PM
Chris Daniel - District Clerk Harris County
Envelope No. 185565
By: Shanelle Taylor

CAUSE NO. 2014-01190

| | | |
|---|---|---|
| APACHE CORPORATION,<br>Plaintiff, | § § § § | IN THE 165th |
| v. | § § | JUDICIAL DISTRICT COURT OF |
| GREAT AMERICAN INSURANCE<br>COMPANY,<br>Defendant | § § § § | HARRIS COUNTY, TEXAS |

## ORIGINAL PETITION

Plaintiff Apache Corporation files this Original Petition against Great American Insurance Company and would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. This case should proceed as a Level 2 case pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II. NATURE OF THE CASE

2. This is an action for breach of contract brought by an insured under a crime protection policy against its insurer.

### III. PARTIES

3. Apache Corporation ("Apache") is a Delaware corporation with its address at 2000 Post Oak Boulevard, Suite 100, Houston, Texas 77056-4400.

4. Great American Insurance Company ("GAIC") is a corporation with its headquarters at 301 E. 4th Street, Cincinnati, Ohio, 45202. GAIC can be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201. *See* TEX. INS. CODE § 804.103.

## IV.   JURISDICTION AND VENUE

5.   This Court has personal jurisdiction over GAIC because it does business in Texas; specifically, GAIC is licensed to and does sell insurance in Texas, including selling the policy at issue to Apache. This Court has subject-matter jurisdiction over this lawsuit because the relief Plaintiff seeks is within the jurisdictional limits of this Court.

6.   Venue is proper in Harris County because GAIC has an office in Harris County and because Apache resides in Harris County. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(3)-(4).

## V.   FACTS

### A.   Apache's Crime Protection Insurance Policy from GAIC

7.   Apache purchased insurance from Defendant GAIC, which, in exchange for a substantial premium, undertook to insure Apache against a variety of risks, including employee dishonesty, forgery or alteration, and, at issue in this dispute, computer fraud. Specifically, Apache purchased from GAIC a Crime Protection Policy, namely, policy number SAA 2687737 0900 (the "Policy"), effective from October 1, 2012 to October 1, 2013.

8.   Under the Computer Fraud coverage, the Policy provides $10 million in coverage above a $1 million per occurrence deductible. Section B.5 of the Policy states:

> **5. Computer Fraud**
>
> We will pay for loss of, and loss from damage to, **money, securities** and **other property** resulting directly from the use of any computer to fraudulently cause a transfer of that property from inside the **premises** or **banking premises**:
>
> > **a.** to a person (other than a **messenger**) outside those **premises**; or
> >
> > **b.** to a place outside those **premises**.

### B. Apache Lost Approximately $2.4 Million As a Direct Result of Computer Fraud

9. On March 27, 2013, Steph Fraser, an Apache North Seas accounts payable employee, received a call from an individual claiming to be Emily Hebditch. Ms. Hebditch was an employee of Petrofac Facilities Management Limited ("Petrofac"), a vendor doing considerable work for Apache. "Ms. Hebditch" contended that Petrofac needed to change its banking information for payments from Apache. Ms. Fraser explained that such a request would need to come on Petrofac letterhead and would have to go through the account change process as she could not accept changes to payment instructions over the telephone.

10. In response to this conversation, Apache received an email conveying further information and attaching the requested letterhead document. The email came from an address that appeared to be a legitimate Petrofac email, and the letter was on what appeared to be legitimate Petrofac letterhead. The letter contained the correct current banking information from Petrofac and requested that future payments to Petrofac be sent to an account at Co-Operative Bank ("Co-Op Bank").

11. The email and letterhead were routed to another Apache employee, Muriel Kelman, on April 3, 2013. Ms. Kelman verified the request by calling the number provided on the correspondence. Someone identifying himself as Cameron Reith answered Ms. Kelman's call and confirmed the change of account information. Cameron Reith's name appears on Petrofac invoices. After this verbal confirmation, the change request was put through the vendor change request SharePoint site and approved by Susan Greig, Apache North Sea Financial Accounting Manager. However, Ms. Kelman would not have initiated the change by telephone alone; pursuant to Apache's policies, all changes to vendor payment instructions must be in writing.

12. Prior to the exchanges on March 28th and April 3rd, Apache had been submitting funds to Petrofac's bank account at the Royal Bank of Scotland ("RBS"). The fraudulent emailed documents requested that the funds due to Petrofac now be made to an account at Co-Op Bank. The fraudulent documents contained the correct RBS routing information for the original bank account. In addition to this fraudulent document sent by email, the fraudsters carried out their deception by using an email address that appeared to be a legitimate Petrofac email address. Had the email come from an address that did not appear to be a Petrofac account, Apache would not have made payments to the Co-Op Bank account.

13. Based on the data provided in the email, Apache processed invoices and remitted payment to the fraudulent bank account via electronic funds transfer. The fraudsters' fraudulent email caused Apache to transfer funds from inside the banking premises to a place outside those premises.

14. Apache discovered the fraud on May 3, 2013, when representatives from Petrofac informed Apache by telephone that they had not been paid for a number of outstanding invoices for engineering and construction services. Petrofac also confirmed that its account had not been transferred to Co-Op Bank and that it made no such authorization to change banking instructions. Apache immediately notified the police in Aberdeen, Scotland by telephone and followed up with emails describing the incident. The Aberdeen police directed Apache to the Financial Investigation Unit of Police Scotland, which was able to get the account frozen on Sunday, May 5, 2013.

15. In total, Apache paid the fraudulent bank account approximately $7 million USD (amounts were paid in British pounds) over the course of a month. Each of these payments was

for engineering and construction services provided by Petrofac. The amounts paid by date are as follows:

| | |
|---|---|
| April 4, 2013 | £78,052.29 |
| April 11, 2013 | £1,595,484.03 |
| April 16, 2013 | £62,730.73 |
| April 23, 2013 | £496,848.01 |
| April 25, 2013 | £526,037.22 |
| April 29, 2013 | £8,760.00 |
| April 30, 2013 | £1,466,544.60 |
| May 1, 2013 | £45,333.68 |

An additional payment of £192,635.26 was made on May 2, 2013, but this payment was able to be recalled on May 3, 2013. Due to the efforts of Apache's bank, RBS, Apache was able to recoup some of the funds. On June 4, 2013, RBS received £2,799,433.24 from Co-Op Bank for Apache's behalf, reducing Apache's loss to £1,573,454.96 or, roughly, $2.4 million.

16. Apache also notified the appropriate authorities, who conducted an investigation. The authorities believe that the crime was perpetrated by criminals residing in Latvia. There has been no success in finding the funds that were wired out from the Co-Operative Bank. There are no funds left in the accounts to which funds from the Co-Op Bank were transferred.

### C. GAIC Denied Apache's Claim Under the Policy

17. Based on this criminal activity and computer fraud, Apache suffered a loss of £1,573,454.96 or, roughly, $2.4 million. On May 10, 2013, Apache notified GAIC of the loss. On August 22, 2013, Apache submitted to GAIC a detailed, sworn proof of loss. Apache cooperated fully with GAIC in its investigation of Apache's claim.

18. On October 28, 2013, GAIC denied coverage for Apache's loss. GAIC claimed that the loss "did not result directly from the use of a computer nor did the use of the computer cause the transfer of funds" because an Apache employee confirmed the information in the fraudulent email by telephone.

### VI. COUNT ONE: BREACH OF CONTRACT

19. Apache incorporates herein by reference paragraphs 1-18 as if each is set forth fully herein.

20. The Policy is a valid and binding contract between Apache and GAIC, and GAIC has wrongly asserted that the Policy does not cover Apache's computer fraud loss as that coverage is defined in the Policy.

21. The unambiguous terms of the Policy provide that GAIC "will pay for loss of, and loss from damager to, **money, securities** and **other property** resulting directly from the use of any computer resulting directly from the use of any computer to fraudulently cause a transfer of that property from inside the **premises** or **banking premises**." The loss Apache suffered resulted directly from the use of a computer to fraudulently cause a transfer of Apache's funds from inside the premises of RBS to a place outside the premises of RBS—Co-Op Bank. Apache transferred money to the fraudulent Co-Op Bank account as a direct result of the fraudulent email Apache received. Apache would not have transferred the funds to the fraudulent account in the absence of the email, and the purpose of the email was to cause Apache to transfer funds to the fraudulent account.

22. Alternatively, to the extent the terms and provisions of the Policy are ambiguous, they must be construed in favor of the insured, Apache.

23. Apache has fully performed its obligations under the Policy, including all conditions precedent. GAIC breached the policy by refusing to cover this loss.

24. As a result of GAIC's breach, Apache suffered damages in the amount of £1,573,454.96 or, roughly, $2.4 million, minus the $1 million deductible. Under the Policy, GAIC is entitled to value the loss in British pounds or in U.S. dollars at the date of discovery of loss, which is May 3, 2013. Apache hereby pleads for either at GAIC's election.

25. As a result of its denial of coverage under the Policy, GAIC has waived any and all Policy conditions as defenses to Apache's claim.

### VII. ATTORNEYS' FEES AND INTEREST

26. Apache incorporates herein by reference paragraphs 1 through 25.

27. By reason of the wrongful conduct of Defendant GAIC, Apache has become obliged to retain the undersigned to bring this action. Apache is therefore entitled to recover and seeks herein its reasonable and necessary attorneys' fees incurred in prosecuting this action and any appeal under Chapter 38 of the Texas Civil Practice & Remedies Code and other applicable provisions of Texas law, including the Texas Insurance Code.

28. Defendant GAIC has failed to comply with the requirements of Chapter 542 of the Texas Insurance Code. Defendant GAIC is, therefore, obligated to pay Apache eighteen percent (18%) per annum of the amount of Apache's claim, together with reasonable attorneys' fees.

29. On August 22, 2013, Apache presented GAIC with a written proof of loss, and GAIC has failed to pay Apache's claim. In addition, Apache presented its claim to GAIC in writing on January 10, 2014, and GAIC has failed to pay the amount owed.

30. In addition, Apache seeks pre- and post-judgment interest at the lawful rates.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that judgment be entered in its favor, that it recover costs, and for such other and further relief to which it may be justly entitled.

        Respectfully submitted,

        VINSON & ELKINS L.L.P.

By:   /s/ Patrick W. Mizell
      Patrick W. Mizell
      State Bar No. 14233980
      Deborah C. Milner
      State Bar No. 24065761
      Vinson & Elkins L.L.P.
      1001 Fannin Street, Suite 2300
      Houston, Texas 77002
      Telephone: 713.758.2932
      Telecopy: 713.615.5912

      Nancy R. Kornegay
      State Bar No. 24032641
      BROWN & KORNEGAY LLP
      2777 Allen Parkway, Suite 977
      Houston, Texas 77019
      [Tel.] (713) 528-3700
      [Fax] (713) 528-3701

      **ATTORNEYS FOR APACHE CORPORATION**

# CIVIL CASE INFORMATION SHEET (Rev. 2/13)

CAUSE NUMBER (FOR CLERK USE ONLY): _____   COURT (FOR CLERK USE ONLY): _____

STYLED: Apache Corporation v. Great American Insurance Company
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

**Name:** Patrick W. Mizell
**Email:** pmizell@velaw.com
**Address:** Vinson & Elkins, 1001 Fannin St., Suite 2500
**Telephone:** 713-758-2932
**City/State/Zip:** Houston, TX 77002
**Fax:** 713-615-5912
**Signature:** [signed]
**State Bar No:** 14233980

## Names of parties in case:

**Plaintiff(s)/Petitioner(s):** Apache Corporation

**Defendant(s)/Respondent(s):** Great American Insurance Company

## Person or entity completing sheet is:

☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

**Additional Parties in Child Support Case:**
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - ☐ Consumer/DTPA
  - ☐ Debt/Contract
  - ☐ Fraud/Misrepresentation
  - ☐ Other Debt/Contract
- Foreclosure
  - ☐ Home Equity—Expedited
  - ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
- Malpractice
  - ☐ Accounting
  - ☐ Legal
  - ☐ Medical
  - ☐ Other Professional Liability
- ☐ Motor Vehicle Accident
- ☐ Premises
- Product Liability
  - ☐ Asbestos/Silica
  - ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
- Divorce
  - ☐ With Children
  - ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

Probate/Wills/Intestate Administration
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

1/10/2014 4:25:08 PM
Chris Daniel - District Clerk
Harris County
Envelope No. 1185560
By: SHANELL
2014011907COURT110

1/15/2014 2:58:13 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 219408
By: ROBICHEAUX, PAMELA G

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: 2014-01190     CURRENT COURT: Harris County District, 165th Judicial District

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Original Petition

FILE DATE OF MOTION: _____
                     Month/   Day/   Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Great American Insurance Company
   ADDRESS: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201
   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
☐ ATTORNEY PICK-UP         ☐ CONSTABLE
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
☐ MAIL                     ☑ CERTIFIED MAIL
☐ PUBLICATION:
   Type of Publication:    ☐ COURTHOUSE DOOR, or
                           ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, explain _____

*************************************************************************************
****

2. NAME: _____
   ADDRESS: _____
   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
☐ ATTORNEY PICK-UP         ☐ CONSTABLE
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
☐ MAIL                     ☐ CERTIFIED MAIL
☐ PUBLICATION:
   Type of Publication:    ☐ COURTHOUSE DOOR, or
                           ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: _____     TEXAS BAR NO./ID NO. _____

MAILING ADDRESS: _____

PHONE NUMBER: _____ _____           FAX NUMBER: _____ _____
              area code  phone number                      area code   fax number

EMAIL ADDRESS: _____

Page 1 of 2

CIVC108 Revised 9/3/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
   ORDER TO: _____
                       (specify)
   MOTION TO: _____
                       (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Harris County Docket Sheet

# 2014-01190

**COURT:** 165th
**FILED DATE:** 1/10/2014
**CASE TYPE:** BREACH OF CONTRACT



### APACHE CORPORATION
Attorney: MIZELL, PATRICK W.

### vs.

### GREAT AMERICAN INSURANCE COMPANY

| Docket Sheet Entries ||
|---|---|
| Date | Comment |