UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APACHE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-00237 |
| | § | |
| GREAT AMERICAN INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Apache Corporation's ("Apache") Motion for Entry of Judgment (Doc. #33), Defendant Great American Insurance Company's ("GAIC") Response (Doc. #35), and Plaintiff's Reply (Doc. #38). In addition, the Court has considered oral arguments presented at the hearing on December 18, 2015. Having considered the arguments and the applicable law, the court grants Plaintiff's motion in part and denies it in part.

I.

This case arose out of GAIC's refusal to pay under a fidelity insurance policy for a loss suffered by Apache due to computer fraud. The Court has already found that the loss was covered under the policy. Doc. #26. In this Motion for Entry of Judgment, the only dispute is whether Apache is entitled to statutory penalties at the rate of 18% per annum plus attorney's fees pursuant to the Texas Prompt Payment Act, Tex. Ins. Code § 542.060.

Under § 542.060, an insurer must pay an interest rate of 18% plus attorney's fees if it fails to pay a claim within certain timeframes. *Id.* But several types of insurance are exempted from the statute, including fidelity bonds:

(a) This subchapter does not apply to:

> (1) workers' compensation insurance;
> (2) mortgage guaranty insurance;
> (3) title insurance;
> (4) fidelity, surety, or guaranty bonds;
> (5) marine insurance as defined by Section 1807.001; or
> (6) a guaranty association created and operating under Chapter 2602.

*Id.* at § 542.053. Here, because the insurance policy at issue is a fidelity bond, it is exempt from the statute. Thus GAIC need not pay the statutory interest or attorney's fees.

Apache maintains that the exception does not apply here because this is a "fidelity insurance" policy, not a "fidelity bond." Apache attempts to draw a distinction between the two. The Court is not convinced. The terms "fidelity insurance" and "fidelity bond" are used interchangeably, and their plain meanings are the same. *See Empire Ins. Co. of S. D. v. Fid. & Deposit Co. of Md.*, 408 F.2d 72, 77 (5th Cir. 1969) ("The fidelity bond was an indemnity insurance contract."); *Fireman's Fund Indem. Co. v. Boyle Gen. Tire Co.*, 392 S.W.2d 352 (Tex. 1965) (using the term "fidelity bond" and "policy" interchangeably); *Magnolia Mgmt. Corp. v. Fed. Ins. Co.*, No. CIV. A. 06-0447, 2007 WL 4124496, at *2 (W.D. La. Nov. 19, 2007) ("Though the letter refers to 'the bond,' a fidelity bond similar to the coverage at issue here is essentially an insurance policy, and we will use the terms interchangeably for purposes of this ruling.") (footnote and citations omitted); Black's Law Dictionary (10th ed. 2014) (noting that a "fidelity bond" is "also termed fidelity guarantee [or] fidelity-guarantee insurance.").

Apache points out that the statute uses the term "fidelity, surety, or guaranty *bonds*" where other subsections of the statute refer to "*insurance*," suggesting that the legislature intended a distinction. Tex. Ins. Code § 542.053 (emphasis added). But the more likely explanation for the difference is that the legislature, like everyone else, used the two terms interchangeably. *See* 1 *Couch on Ins.* § 1:16 ("the courts generally use the terms 'fidelity bond' and 'fidelity insurance' without intending to differentiate one from the other, and, unless

2 of 3

otherwise indicated in some particular context, the terms are also so used in this text."). Accordingly, the Court will not grant Apache 18% interest or attorney's fees on its judgment.

**II.**

Pursuant to the Court's order of August 7, 2015 on Plaintiff Apache Corporation's Motion for Summary Judgment, it is hereby **ORDERED, ADJUDGED, and DECREED** that

(1) Plaintiff Apache Corporation have and recover from Defendant Great American Insurance Company the sum of $1,448,767.95 in actual damages ("Actual Damages"), and

(2) Plaintiff Apache Corporation have and recover from Defendant Great American Insurance Company, the sum of **$153,212.17** in accrued pre-judgment interest on Actual Damages calculated at the legal rate of 5% per year (simple interest) from November 10, 2013 (six months from May 10, 2013, the date Apache provided notice of its claim to Great American Insurance Company), **to December 21, 2015**, the day before judgment was entered.

IT IS FURTHER ORDERED that the total amount of the judgment here rendered will bear post-judgment interest at the legal rate of **0.69%** per year, compounded annually, from the date of this judgment through the date Defendant Great American Insurance Company submits payment in full to Apache Corporation. All writs and processes for the enforcement and collection of this judgment may issue as necessary. All relief requested in this case and not expressly granted is denied. This is a final judgment.

It is so ORDERED.

DEC 2 2 2015
_____    _____
Date                                THE HONORABLE ALFRED H. BENNETT
                                    UNITED STATES DISTRICT JUDGE